Holdings, Bay United Holdings v. INXS 25-10331. We've got Mr. Rabai. Am I pronouncing that correctly? Rabai, for the appellant, and Ms. Halloran for the appellee. Mr. Rabai, whenever you're ready.  If it pleases the court, this case has far-reaching implications in this sense. The three claims that were made here are fairly routine in the sense that there's this Form 410 that they use in bankruptcy court. It was filled out by Joseph Mitchell, and he put down the servicer, Cloud Dine, as the servicer. I'm going to slow you down right there. Can you show me where in the bankruptcy court you used the word servicer or argued to the bankruptcy court that Cloud Dine was the servicer for the two entities that actually held the mortgage on the note?  I didn't argue that. That's on the form where it says name or servicer. We're going to get there. You agree you did not argue that Cloud Dine was the servicer for the two entities that actually held the note? But it was. Counsel, please let me finish my question. In the bankruptcy court, did you argue to the bankruptcy judge that Cloud Dine was the servicer? No. I don't believe I argued that, but it was. Let's talk about, counsel, we're going to break this down. Let's go to the form that you started with.  410. That's in the record in this case. Yes. Can you show me where it indicated that your client, or that Cloud Dine was the servicer? Well, the way, okay, so Mr. Mitchell filled this form out, Joseph Mitchell, and if you look at the very, very small print, which I read it myself just to see how this does it, at the back there it says, you put down and it says, I know I read it in there, it says that you are either the agent or servicer. It says, hang on, let me see. Well, let's look at the back of the form. The back of the form is page three. This is docket entry 10-73, the district court, and if you look at the last part where it says sign, it says in the instruction side on the left, the person completing this proof of claim must sign and date it, and it cites the rule. And then there's a bunch of check boxes. One is, I am the creditor, meaning you are the person that is the creditor. The other is, I am the creditor's attorney or authorized agent. The third one is, I am the trustee, a debtor, or authorized agent. And the fourth is, I'm the guarantor, surety, endorser, or other co-debtor. Any tax creditor. Right. That's not servicer. But timeout. So, Judge, I'm not . . . I don't really get timeouts, but . . . That's right. But go ahead. Yes, Your Honor. Okay. At the bottom where it says the company, and you put down the name, Cloud Nine Properties, because in this unique situation, because Joe Quinn was manager for Cloud Nine, which collected all the monies that were paid for the mortgages they had. They had a bunch of mortgages. Family business. He was also Mom's verbal power of attorney and his first representative, and he was also president of Bob Mitchell Associates. No, I understand all of that. I've read every single document in this case. But what it says in that company part that you're identifying, it says, identify the corporate . . . it's hard to make out that word . . . as the company if the authorized agent as a servicer. The problem is, you didn't check off, or not you, your client, didn't check off that authorized agent in there. He checked it off as the creditor. Yes, because . . . He checked it off as he was the creditor, that Cloud Nine was the creditor, not as the authorized agent of servicer. Because he understood, at the time that he filled this out, that all of the notes and everything were in the name of Cloud Nine. That's not the problem. He made a mistake of fact. But . . . Counsel. He made a mistake of fact. Do you agree? Yes. Okay. And you're not admitting anything to your clients. It's in the affidavits. Right. It says, I thought I owned the company. Yes. I made a mistake. I didn't own it. It really was with these other folks. But what I'm trying to . . . His argument about being a servicer was not made below and, frankly, is just sort of a post hoc justification to try to fix this.  But not exactly. Because this. When you have a mortgage on a property, and it's a bona fide mortgage, in other words, you have a first mortgage on each of these properties. No question that it was owed. Debtor agrees that the money was owed. That is the lien on the property. He's filling out the property forms and he's attaching the mortgage, the note, etc., etc. I thought the whole problem was that he attached the mortgage, but not the note. Well, he got the note before the summary judgment hearing, but he didn't . . . he had the note in possession, but it wasn't in that name of that . . . it had not been transferred by the estate attorney.  But he didn't attach it to the proof of claim in a timely manner. And the reason that this was denied, counsel, the reason that this was denied under the statute was there was no timely proof of claim with the note attached, which is also required by both the form and the bankruptcy rules. Okay, so this is where I don't agree on one thing. This is a situation, normally you have a deadline to file your claims, which he made the deadline by the 28th. And there's the question that is all the court's cases I've ever seen is, is it a bona fide judgment or lien, which was definitely on the property. I don't see how you eliminate or forfeit the mortgage just because the note hadn't been there. Why would that be any different? He's not forfeiting anything. He didn't file his proof of claim on time. Okay. Forfeited. What happens if mortgages got erased? No, I know that's the consequence, but he's not forfeiting anything. He had a requirement. By this date, anyone who owned the note or mortgage had to file a proof of claim. The right person did not file a proof of claim. A third party who doesn't own this thing filed it, but that person doesn't actually own the note or mortgage and cannot enforce the note or mortgage when it was filed. That's the problem. And otherwise it's untimely. That's the issue. Now, I'm not saying that this is great. I'm not saying that something bad didn't happen, but that is the situation that we're in and now we're asked to review what the district court did here, which is affirm the bankruptcy court. How can I say the bankruptcy court got something as a matter of law wrong, where in fact it is right that Cloud9 was not the creditor, did not attach the note, and the note indicated that someone else other than them owned this mortgage, owned the mortgage. Because we don't have a situation where there's duplicate mortgages being filed and one is being stricken. We only have one bona fide debt that's being acknowledged as being owed. And the person who has made the claim has a legitimate claim. If this was a normal closing in any place in real estate, you have to pay that mortgage. Why should they get to escape paying the legitimate mortgage debt? Because he didn't have the note. Let's ask it this way. Let's say a stranger off the street just is really savvy and is following all the bankruptcy proceedings and knows that I have a mortgage or note that is possibly subject to a settlement. And that person files a proof of claim. They don't hold the mortgage, they don't hold the note, they're just a stranger, but they filed this document and they did it on time and they said, I want the proceeds of whatever the sale is going to be. I'm entitled to it. I filed my proof of claim. Would that person be entitled to that money? I don't know if that's what we have here. I think the answer needs to be no. You're right. The answer has to be no. Right? The stranger wouldn't be entitled to that money. I don't think a stranger should get it, but I think the problem we have... Is the answer to my question no? Maybe. Probably. Okay. Then how is your client not a stranger for corporate law, which is that it is a different entity that has no right entitled to this property? Because a bankruptcy court is a court of equity also. You have a situation here where we know we have a legitimate mortgage that's duly recorded and afforded records. The buyer knows this mortgage is there. There's no dispute the money is owed and Joe Mitchell, who signed this thing, was all of the other entities. He's president of Bob Mitchell and Associates. You know this for a fact. He's also the trustee, executive of Mom's Estate. He's also a durable property attorney, and he's a manager of cloud properties that everybody wrote their checks to. You're putting a form of a substance, and that's not the purpose of the bankruptcy court. Well, I'm not doing anything. No, I'm saying if you do that... Bankruptcy court did it, and the district court did it, and I'm just not understanding as a matter of rule and statute how that is exactly what the law requires. Because... And just appealing to equity just tells me that you don't have an argument under the statute. No, because they argued this by saying that the Florida case is they have to have someone bring in a foreclosure action. When you bring in a foreclosure action in Florida, you have to hold a note to time. If you don't, the case is... I'm pretty familiar with it. Okay. You know, because we all lived through that 2009 stuff. But it never affected the mortgage debt. What they're doing here is eliminating the entire mortgage debt. They're wiping it off. They're not... No, that is the consequence of the settlement. No one is doing that purposely. The person who files a claim has a right and interest in the proceeds from the sale. The question is, who has that right and title? It was not Cloud9. Cloud9 is a stranger. It was Bob Mitchell and Associates and Mrs. Mitchell. The debtor acknowledges this debt as being owed. The payments were always made to Cloud9. That's how it was handled. Mr. Joe Mitchell and his family were owed this one legitimately, and when they put this claim in, it was a legitimate claim for equity. It got removed because of somehow the argument it's not a reportable claim. What I'm saying is, the mortgage was an enforceable claim, and the purchaser can't just wipe that off without paying it and get that property for free. All right. Very well. We have your opening argument. You've got some rebuttal time coming. Ms. Halloran, let's hear from you. Have I pronounced your client's name correctly in excess like the band? Yes, that's correct, Your Honor. Good morning. May it please the Court. I'm Patty Halloran. I represent the affiliate in excess. Would you mind pulling the mic down? Is that better, Judge? That's better. Thank you. The Court is correct that Cloud9 did not own the note and mortgage at the time it filed the proof of claim. And unlike what the appellant would have you believe, this is not a case about invalidating a mortgage. The appellee in excess acquired the properties pursuant to his sale free and clear of liens under section 363 of the bankruptcy. I know, but counsel, I agree with you that that is, we're not technically doing away with the mortgage here. But his point is, this money is owed, or they have at least a claim on the pot of money that in excess paid for the property. And because of this, whether a technicality or not, they're not going to collect on what Mrs. Mitchell or her estate and Bob Mitchell Associates should have collected. That isn't reality what's going on here, right? Yes, that's exactly what's going on, Your Honor. I guess he's saying, is that fair and does not bankruptcy have some kind of implicit equity where even in these sort of unfairnesses, the bankruptcy court is supposed to weigh that as part of the analysis to be able to award some relief to the person in front of it, different from a law court. That's the argument he's making to us. Your Honor, I don't believe that equity steps in at this point. And I would refer the court to the Riley case that we cited. And that's a, I'm sorry, there's a case that we cited where a debtor. Put yourself on the microphone. It's just harder. I'm sorry. Where a debtor sought relief from tax penalties and simply on the basis that he had shown good cause for them not being paid. The ruling was ultimately by the appellate court was that that's not, the statute doesn't allow that. The tax code doesn't allow that. Either you owe the penalty in its entirety for each year or you don't, but there's no across the board, two thirds reduction of the penalty just because the court was informed of a legitimate basis for returns not being timely filed and taxes being paid. He argues to us in the brief that, that whatever happened, Mr. Mitchell, Mr. Quinn Mitchell, I'll use because there's a lot of Mitchells here, was the president of Bob, Bob Mitchell Associates was the durable power of attorney for Mrs. Mitchell. The fact that he's the personal representative doesn't matter because she was alive at the time that the proof of claim was filed. He was the trustee of whatever trust is, I guess, entitled to the proceeds of all of this stuff. And cloud nine was in fact acting as servicer for these things in some sort of informal capacity. Does that not, by signing it as cloud nine and by him signing it, not mean that he's essentially signing it on behalf of the two entities who in fact held the mortgage in note? No, your honor. Why not? Because under Florida law, you must have, you must own or hold the note to be able to enforce it. That's true for four. He's right. That's true for standing for foreclosure. I'm not sure that that's true in, in the ownership context, which is what we're talking about. In other words, he's not seeking to enforce anything. He's just saying, I'm giving proof of literally it's proof of claim. Here's the proof that I have this. I don't know that you need to apply stand Florida foreclosure standing principles, which you're right about to this situation. Well, your honor, you absolutely do because he's in for the cloud nine or whoever is owed the money is trying to enforce the collection of the note because once the bankruptcy is filed, your state court remedies are no longer available to you. So you file the proof of claim. But the state court did have an order and had the, had NREM jurisdiction over the property. Do you agree? The state, you're correct. They didn't cease having NREM jurisdiction. The state court would have NREM jurisdiction. And had, had already declared the property foreclosed and had set it and was ready to have a sale. That's my understanding of the situation. No, your honor. My understanding is, is that all of the loans were in default when Aegis Asset Management. Well, I know they were, they were all in default and they were going to be paid off through the sale. Correct. But. Which would be under the court's jurisdiction, the state court notice of sale. But for the fact that the properties were sold free and clear, your honor, pursuant to 363. I understand. The prop, the properties were not in bankruptcy as I understand it. The properties themselves. Your honor, this is, and perhaps I can provide some context. This was a, this was a sale of 74 pieces of property, 68 of which were brought into the state by a fraudulent transfer action. The properties at issue here were actually owned by the, by the bankruptcy debtor, by Aegis Asset Management. So. Well, he owned a sliver of the properties, as I understand it, by an, by a quid quam deed, right? Your honor, they, Aegis Asset Management owned the properties subject to whatever liens and encumbrances were on the properties when Aegis Asset acquired them. This isn't in the record, but it appears that their MO was to seek out properties where mortgages were in default, pay the owner something, and then take ownership of the properties and do whatever, whether it was going to flip the properties, pay off the  But I think that's the circumstance we have here, is that this was someone who thought that they were a big real estate investor or manager, and that wasn't apparently the  I want to get back to, to my question. So let, let's assume for the moment, I understand your argument about Florida standing, but let's assume I don't agree with you on that. That all you have to do is just show proof of debt, whatever that is. You don't actually need to hold a blank note like you would in a foreclosure action, to enforce a foreclosure action. Why is it not enough for Mr. Quinn Mitchell to have signed this thing, given his capacities that he had with all these different entities, as president of Bob Mitchell Associates company, as a durable power attorney for his mother who was alive, as trustee of the trust that took the property, and as the entity that was the collector of the checks and was somehow maintaining these properties? Because your honor, it's a negotiable instrument, and, and a negotiable instrument has to be transferred specifically by endorsement or by an alloge. Well, he's not saying it's transferred to me. He's saying I'm, in my represent, I signed this in my representative capacity for the folks who actually held it. There's no dispute that Bob Mitchell Associates and Mrs. Mitchell held it. He's not saying that now. What he's saying now is that I signed it in a, as a, in a representative capacity for those folks. Why is that not sufficient? It's not sufficient because there's no evidence provided that, that Cloud Nine was a non-holder with the rights of a holder. So we're missing each other. When you're a bank, let's say the bank owns the note and mortgage on a, on a property. There is no bank. A bank is a fiction. It is a corporate entity. An authorized agent signs on behalf of the bank, right? Okay. Bob Mitch, Bob Mitchell Associates Incorporated is a fictional entity. There is no Bob Mitchell Associates Incorporated. An authorized representative has to sign on that person's behalf. He is the president of Bob Mitchell Associates Incorporated. He signed this proof of claim. Why is that not sufficient? Because there's no documentation linking the, the debt instrument or the mortgage to the entity that signed it. The proof of claim that was executed. You have a signature and you have an affidavit. There's actually two affidavits, but there's an affidavit which sets out what his representative capacities are, right? And those were created after the fact, Your Honor. None of these. We're here on summary judgment. I mean, we're here based on the light, the evidence in light most favorable to the opposing party, which is your opposing, which is your opposing counsels and, and the opposing party to hear. The affidavit said that he was that capacity and he did sign this document. Why is that not enough? That's the affidavit of an attorney, Your Honor. That's not the affidavit of Mr. So it's evidence. I mean, there's no, there's whatever incapacity it is. It's someone who has knowledge of, of the, of the corporate structure here and of the different positions. As Your Honor, the bankruptcy court treated that, I'm sorry, the bankruptcy court treated that as, as, as parole evidence and did not take it into account in its ruling. District court didn't though. The district court said, because I'm ruling on the way that I'm ruling, we don't have to take that into account. And so I'm not sure it is parole evidence for summary judgment purposes. Why would it be parole evidence here? We're not interpreting the, the, the note or the mortgage. We're just asking who is the authorized representative or not, and you have an affidavit stating he's an authorized representative. Well, a big part of it, Your Honor, is that the documents don't show. Nothing they provide shows, puts the world on notice of this alleged transaction or these capacities. And so... You don't have to record authorization. There's, there's no recording requirement if you're a president of a company. That's correct. But there's also no way to, for my client to verify that these entities or these individuals are agents authorized to act. Sure there is. Discovery. That's the whole point. You take discovery and you depose the affiant and say, how do you know this? And you depose Mrs. Mitchell and say, what's there? And you seek the corporate documents to see if he's, what he's saying is true or not. I mean, that's what we have, that's, that's what we're all here for, right? Is to gather evidence and make determinations based on that evidence. This case didn't evolve in that way, Your Honor. We didn't, there wasn't discovery taken because... Right. So the record we have, and I agree with you, but the record we have is just the affidavits and viewed in the light most favorable, not to you, but to your opposing counsel, the opposing party. Why is that not sufficient to show that he was assigned in a representative capacity and therefore did sufficiently file a timely claim based on these notes and mortgages? Because that documentation, Your Honor, wasn't attached to the proofs of claim. The proofs of claim required documentation. When you have it, when you have the situation of a... This isn't an authorized, this isn't about who the creditor is. This is just about, they didn't staple the note. Is that it? This is just... They didn't staple the note, Your Honor, but the Thornburg case and the Taylor case both say that supporting documentation is a mandatory prerequisite to filing the proof, to support the proof of claim. There is nothing in the proof of claim that says, Cloud Nine is the authorized agent or servicer for these entities. It's signed as Cloud Nine, I am the creditor, and it's signed under penalty of perjury. So under these circumstances, unfortunately, I think Cloud Nine and its assignee, Bay United, lose because they did not provide the minimum necessary documents to support the claim. On balance, Your Honor, the appellant has provided case law in support of an argument that it is entitled to amend. That's the International Horizons case. That case was about amending a timely filed claim to assert an entirely separate basis of liability, and the court rightfully didn't allow the amendment. There's nothing in that case that says you can amend after the fact to establish standing, to establish ownership of the claim, and counsel hasn't provided us any information, any case law that would support the argument that you can, after the fact, create standing. For those reasons, I would request that the court affirm the decisions of the lower court. Okay, very well. Thank you, Ms. Halloran. Mr. Rabai, you've got some rebuttal time. Yes, Your Honor. So just to go over the basic facts of this, Ms. Halloran's client was purchasing these properties, and one of the arguments she makes there is that she has standing because she's purchasing the property. These three mortgages that we're talking about on these three properties in Tampa, they all were duly recorded mortgages in the public records. And they were the only ones on these particular pieces of property. So eventually, she's coming in and saying, there's going to be a bar date because whatever mortgages are on those properties will be transferred, and the person who's buying them will have to pay the monies that are there, so you have to put your claim in by a certain time. So this claim is submitted by Joseph Mitchell, and I think the problem I have is the summary judgment was granted because the court took the position that if you don't have the note at the time you filed the claim on that exact deadline that he put, even though he filed the claim, even though he showed the mortgage, even though he showed proof . . . What's wrong with that point? Because, Judge . . . What is wrong with that point that you didn't have the proof on time, as it were? Because the mortgage was the proof that there was a lien on that property, and because the debtor . . . Mortgage is not proof of a debt. Of the lien, yes. No, it's proof of the lien.  Okay. And then we also had the affidavit of the . . . You need a note. Right, but they had the note. What they were arguing is they're not saying there wasn't a note. They're trying to say that Cloud 9 didn't have the note at the time that they . . . I understand. Doesn't that, just by operation of the bankruptcy code, make Cloud 9 not a creditor? No. If it's not a creditor, you've got to have a claim, and to have a claim, you've got to have a right to payment. And a right to payment, at least sort of under the Bittner principle that state law governs unless something else displaces it, Florida law says you've got to have the note. I don't believe that's the law for filing a proof of claim of a mortgage, that you have a secured claim. I agree that when you pay the money, you have . . . sometimes the person asks for the notice part of that, and you give it to them. But servicers and other people file these claims all the time. The note was there. It's just a question of which entity was it in that he controlled. You give that when you pay it, but when he . . . the notice, what I'm trying to say is when he filed a claim of lien, because it was a duly accorded mortgage . . . The person that has the note is the one who has the claim. Is that not the case? Yes. All a mortgage does is create a lien. Yes. Okay. You've got to have a debt in order . . . Yes. . . . to file the claim. Yes. Okay. And what they were arguing was the note was the . . . Cloud 9 supposedly signed these notes. See, Cloud 9 is a family . . . it was a family mortgage business.  That's the problem, Your Honor. But it's all the same . . . But corporate law, if we're either looking at Florida or federal, doesn't work that way. It isn't just like, well, my family owns all this stuff, so I own it all, too. I found no case. No case. Counsel, the cases are legion that we do not attribute debt or assets to other entities, as long as corporate formalities are met. Now, where you pierce the corporate veil, where you show alter ego, then we can start piercing corporate entities, whether LLC or an incorporation or anything else. But here we're striking the claim, even though there's a recorded mortgage on it, and nobody else is claiming it, and you're backing it up with the debt and the person who's in charge. Why would you not? No, what we're doing, what you're asking for is for one entity to assert the asset, meaning the right to payment, of another entity for which it does not have the right to do so. That's the problem. But it did. That's how it got the note. It didn't buy it. It just had it right there in the same place. It's all, like you said, legal fiction. They're all . . . No, when your client did attach it, lo and behold, it didn't show your client's name on it. It showed a different name on the note, right? And it's not signed in blank. That allows you to be able to transfer it. Well, as it turned out, he was under the impression everything was in cloud nine. That's the problem. It was a mistake. I'll go where I started. It was a mistake of fact. True, but I do not believe it's a mistake that should allow the annihilation of the mortgage, and for them to get the property free and clear of any claim at all, so that they get three pieces of property with none of the debt that they knew could see from the public record. I just want to be clear. If we agree with you on equity, you win. If we disagree with you on equity, you lose, right? Basically, yes. Okay. Thank you.  Thank you. All right. The case is submitted. All right. We're going to power on to the fourth case of the day.